Morris E. Spector, J.
The defendant, Michael Hassel & Co., moves for an order vacating the warrant of attachment and for release of the property upon which levy has been made upon the ground that the defendant against whose property the warrant is directed has no title or interest therein and that the warrant and levy violate section 210 of the Personal Property Law. Irving Trust Company, by two separate motions, moves for like relief upon various grounds. The defendants, Chemical *867 Corn Exchange Bank and Wilbardek, disclaim any title or interest or right of possession to the property in question. The complaint and affidavits fail completely to support plaintiff’s claim of title in the subject property or the claim of the principal defendant, Camara, thereto. From the time of the delivery of the documents to the defendant, Michael Hassel & Co., the title thereto and to the property therein covered in that defendant and in Irving Trust Company are not at all impugned by the complaint or the affidavits. The situation is entirely covered by the provisions of section 210 of the Personal Property Law, invalidating the levy. Nor do the affidavits adequately establish the nonresidence of the defendant, Camara, or claim of conversion (see Personal Property Law, § 119). The breach of duty by Camara, if any, was with respect to export regulations and his contractual relationship with the plaintiff. The latter did not at any time negotiate the documents nor was it in any way deprived of the possession of any documents or of property belonging to it. Camara’s breach of faith with the plaintiff left him as before with the continuing right to possession of the documents and the right to negotiate them. If the movants acted in any manner which occasioned actionable injury to the plaintiff, nevertheless, they did acquire possession and title from the rightful owner. The fraud, if any, was not with respect to the documents, but with respect to whatever obligations Camara owed to the plaintiff. If, as claimed, the nature of the bargain, coupled with movants’ trade knowledge of origin and export and dollar requirements, rendered the transaction suspicious, that circumstance does not affect the documents, but solely a possible liability to the plaintiff for the alleged injury inflicted. But, in the circumstances here, there appears to be no obligation in the movants to make any inquiry upon the offer of sale of the goods in question and the accompanying negotiable documents. Since the warrant and levy are directed against the property of Camara and he effectively parted with that property at the time of levy, it must fall.
Accordingly, the motions are granted to the extent of directing release of the property from the levy and vacating the levy. The motions are otherwise denied.
Settle order on one day’s notice on or before June 24, 1959.